# ARNOLD & PORTER LLP

**Michael Schissel**
Michael.Schissel@aporter.com

212.715.1157
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 28, 2011

**VIA ECF**

The Honorable E. Thomas Boyle
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Scienton Technologies, et al. v. CA, Inc.*, No. 04-cv-2652 (JS)(ETB)

Dear Magistrate Judge Boyle:

On behalf of defendant CA, Inc. ("CA"), this letter is respectfully submitted pursuant to Your Honor's Individual Motion Practices (*see* 2.A) and Local Civil Rule 37.3 to request a pre-motion conference with Your Honor. Specifically, CA intends to move to strike the report of plaintiffs' ("Scienton's") purported expert, Jennifer L. Bayuk ("Bayuk Report") (attached as Exhibit A, filed under seal). The parties met and conferred on this issue on January 25 and January 28, but unfortunately were unable to resolve this dispute; the parties discussed the applicable rules, and CA understands that Scienton will file its response within seven days (February 4, 2011).

One of Scienton's claims is for breach of contract based on Scienton's allegation that it is owed a 10% commission for an Enterprise License Agreement ("ELA") that CA renewed with its long-time customer, Canadian Imperial Bank of Commerce ("CIBC"). Scienton also asserts a claim for misappropriation of a purported trade secret that Scienton alleges is contained in two CA security software products: Security Command Center ("SCC") and eTrust 20/20 ("20/20").

Ms. Bayuk purports to offer opinions which are, in actuality, nothing more than her interpretation of the factual record and arguments of counsel. Specifically, Ms. Bayuk concludes that (1) were it not for Scienton, CIBC would not have purchased one of the products in the ELA or CA's implementation services (Bayuk Rpt. at 41), and (2) CA used Scienton's "know-how" in developing SCC. *Id.* at 45. Because such findings are within the province of the jury and patently not appropriate for expert testimony, neither opinion is admissible under Rules 702 or 403 of the Federal Rules of Evidence. Indeed, at the last conference before Your Honor on November 2, 2010, I raised the impropriety of an expert opining on the breach of contract claim and indicated that CA was likely to move to strike any such report. It seems efficient to address this issue now before the parties incur the time and cost of taking Ms. Bayuk's deposition.

# ARNOLD & PORTER LLP

Hon. E. Thomas Boyle.
January 28, 2011
Page 2

1. **The Bayuk Opinions Invade the Province of the Jury**

   Rule 702 precludes an expert from testifying on "lay matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro North Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (citations omitted). Indeed, "experts should not be permitted to 'supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence.'" *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (internal citations omitted). For example, "an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon the record evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) (citations omitted). Moreover, an expert certainly cannot construct a narrative that interjects her opinion on the motivations of the parties or other fact witnesses. *See id.* at 469-70 (excluding report that offered expert's "speculation regarding the state of mind and motivation of certain parties who were involved in the relevant transaction;" such inferences "lie outside the bounds of expert testimony") (collecting cases).

   Crossing the well-established boundary of admissible expert testimony, the Bayuk Report offers nothing more than Ms. Bayuk's interpretation of the factual record, suffused with Ms. Bayuk's personal conjecture and assumptions that explicitly contradict both the testimony and documents produced during discovery. While the Bayuk Report's improprieties are much too plentiful to list here, the following is a sampling that our motion, if leave is granted, will address:

   - Regarding CIBC's motivation for entering into the ELA with CA, Bayuk writes, "[i]n my expert opinion, the evidence shows that CIBC was looking for a long-term solution to a growing security problem." (Bayuk Rpt. at 3);

   - Regarding an alleged direction given by a CA salesperson to a CA employee, Piers McMahon, to "ensure that [plaintiffs'] strategy was in the CA roadmap," Bayuk writes, "[i]n his deposition, McMahon said he did not remember this request. However, if the request did occur, then it was within his job function to work with the product marketing and development groups in order to make that happen." (*Id.* at 36);

   - Regarding this alleged direction to McMahon, Bayuk later opines, "[i]f McMahon did not incorporate Scienton's know-how, then he was not doing his job. McMahon had every reason to push the Scienton know-how into his own product line and no reason not to." (*Id.* at 46.)

# ARNOLD & PORTER LLP

Hon. E. Thomas Boyle.
January 28, 2011
Page 3

      Plaintiffs' attempt to set forth a narrative of the ELA negotiations and the development of SCC through an expert rather than through the evidence provided by the percipient witnesses should be rejected. *See LinkCo, Inc. v. Fujitsu Ltd.*, No. 00 Civ. 7242, 2002 WL 1585551, at **1-2 (S.D.N.Y. 2002) (where expert report based on review of, *inter alia*, "documents, computer documents, computer files, deposition transcripts and exhibits," "testimony by fact witnesses familiar with those documents would be far more appropriate . . . and renders [the expert witness's] secondhand knowledge unnecessary for the edification of the jury.").

      Not only is the Bayuk Report inadmissible under Rule 702, it should similarly be stricken under Rule 403 because its probative value is substantially outweighed by the danger of confusing or misleading the jury. *See* Fed. R. Evid. 403; *LinkCo*, 2002 WL 1585551, at *1 ("[E]ven if an expert's testimony is admissible under Rule 702, it must be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'") (quoting Fed. R. Evid. 403); *accord Taylor v. Evans*, No. 94 Civ. 8425, 1997 WL 1540010 (S.D.N.Y. Apr. 1, 1997) (expert's "musings as to defendants' motivations" as stated in the expert report "would not be admissible if given by any witness—lay or expert.").

## 2. The Bayuk Report Impermissibly Opines on the Ultimate Legal Conclusion in the Trade Secret Case

      The Bayuk Report concludes that "CA misappropriated Scienton's solutions to sell to CIBC and also to enhance their (CA's) security product line." Bayuk Rpt. at 3. Whether that statement is true is the ultimate question to be decided by the jury, and Ms. Bayuk's opinion on that issue therefore must be excluded. *See LinkCo*, 2002 WL 158551, at *2 (report opining that "[defendant] misappropriated trade secrets that originated at [plaintiff]" excluded because, "[w]hile an expert may provide an opinion to help a jury or a judge understand a particular fact, 'he may not give testimony stating ultimate legal conclusions based on those facts.'") (citation omitted).

      We are available for a pre-motion conference at the Court's convenience, and we appreciate Your Honor's consideration of this matter.

Respectfully submitted,

Michael D. Schissel

cc:   John F. Cambria, Esq. (counsel for plaintiffs) (by ECF)