```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SCIENTON TECHNOLOGIES, INC.,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               04-CV-2652(JS)(ARL)
COMPUTER ASSOCIATES INTERNATIONAL,
INC.,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Alexander Orlowski, Esq.
                    Dennis P. Stolle, Esq.
                    Lynn C. Tyler, Esq.
                    Matthew S. Barr, Esq.
                    Robert Dean MacGill, Esq.
                    Barnes & Thornburg LLP
                    11 South Meridian Street
                    Indianapolis, Indiana 46204

                    Panagiota Betty Tufariello, Esq.
                    The Law Offices of P.B. Tufariello, P.C.
                    25 Little Harbor Road
                    Mt. Sinai, New York 11766

For Defendant:      Jonathan N. Francis, Esq.
                    Michael D. Schissel, Esq.
                    Anthony D. Boccanfuso, Esq.
                    Carmela T. Romeo, Esq.
                    Erik Christopher Walsh, Esq.
                    Pamela Addison Miller, Esq.
                    Arnold & Porter LLP
                    399 Park Avenue
                    New York, New York 10022

                    Kevin Patrick Mulry, Esq.
                    Sarah M. Baird, Esq.
                    John P. McEntee, Esq.
                    Farrell Fritz, P.C.
                    1320 RXR Plaza
                    Uniondale, New York 11556
```

SEYBERT, District Judge:

In the fall of 2015, a jury delivered a verdict in favor of Scienton Technologies, Inc. ("Scienton" or "Plaintiff") finding Computer Associates International, Inc. ("CA" or "Defendant") liable on Scienton's claims for unfair competition and misappropriation of an idea for two CA products, eTrust 20/20 ("20/20") and eTrust Security Command Center ("SCC"). The Court then entered judgment in favor of CA and against Scienton for lack of subject matter jurisdiction based on standing arguments. The Second Circuit Court of Appeals entered a mandate that, among other things, reversed this ruling and remanded the case for consideration of Scienton's Motion for New Trial on Compensatory Damages Only. (Docket Entry 551.) For the following reasons, the Court DENIES Scienton's motion.

BACKGROUND

The Court assumes the parties' familiarity with the facts chronicled in previous orders. (See generally May 17, 2016 Order, Docket Entry 573.) Pertinently, the jury awarded Scienton $956,000 in damages for both 20/20 and SCC. (Verdict Sheet, Court Exs., Docket Entry 547, at 1-8.) Scienton's expert, Mohan Rao, Ph.D, calculated $60,803,997 in damages for both products, (Rao's Approach, Docket Entry 553-1, at 2), and CA's expert, Larry Johnson, calculated $1,933,564 in damages for both products based on a two-year head start and an adjusted profit margin, (Johnson's

2

Approach, Docket Entry 553-2). In light of the disparity between the jury's verdict and the expert calculations, Scienton argues that the jury's verdict was "arbitrary" and "against the weight of the evidence." (Pl.'s Br., Docket Entry 552, at 2-5.) Scienton requests a two-day trial involving two witnesses: Dr. Rao and Mr. Johnson. (Pl.'s Aug. 2017 Ltr., Docket Entry 585, at 2.)

## DISCUSSION

As the Second Circuit has explained, a jury verdict should stand unless it was "seriously erroneous or a miscarriage of justice." Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 417-18 (2d Cir. 2012) (internal quotation marks and citation omitted). In making this inquiry, the Second Circuit accords a "high degree of deference . . . to the jury's evaluation of witness credibility," id., and "'considerable deference to the factual findings of . . . [the] jury,'" Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 671 (2d Cir. 2012) (quoting Blissett v. Coughlin, 66 F.3d 531, 536 (2d Cir. 1995)). Indeed, the "calculation of damages is the province of the jury," Ismail v. Cohen, 899 F.2d 183, 186 (2d Cir. 1990), so "the jury's verdict [must] stand unless it was palpably and grossly inadequate," Rivera v. City of N.Y., 594 F. App'x 2, 7 (2d Cir. 2014); ; see also DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 134 (2d Cir. 1998) ("A court considering a Rule 59 motion for a new trial . . . should only grant such a motion when the jury's verdict is egregious.")

3

(internal quotation marks and citation omitted).  With this steep standard, the Second Circuit advises that "jury verdicts should be disturbed with great infrequency."  Raedle, 670 F.3d at 418.

Two facts are very important here: (1) the jury's document requests and (2) the Court's jury instructions.  First, during deliberations, the jury requested no documents on Dr. Rao's opinion.  (See generally Court Exs. at 10-17; Pl.'s Ex. List, Docket Entry 537-1, at 12 (listing Dr. Rao's admitted exhibits as exhibit numbers 1002 through 1008).)  Instead, the jury requests documents only relating to Mr. Johnson.  (Court Exs. at 10-17; Def.'s Ex. List, Docket Entry 537-2, at 1-2 (listing Mr. Johnson's admitted exhibits as exhibit numbers EA, EB, EC, ED, and EE).)  In fact, Mr. Johnson's exhibits were the last ones the jury requested before reaching their verdict.  (Courts Exs. at 10.)

Second, the Court charged the jury to consider whether Scienton failed to mitigate its damages and whether only a portion of CA's profits were attributable to Scienton's idea:

> I also note that a party claiming damages as a result of an alleged wrongful act on the part of another has a duty under the law to mitigate those damages, that is, to take advantage of any reasonable opportunity the party may have had under the circumstances to reduce or minimize the damage.  If you find that the defendant has proven that the plaintiff failed to seek out or take advantage of business or employment opportunities that were reasonably available, then you should reduce the amount of the plaintiff's damages by the amount that the plaintiff could

4

> reasonably have realized if it had taken advantage of such opportunity.
>
> ***
>
> If the idea accounts for only a portion of the profits earned by the defendant, you should only award that portion of the profits that are attributable to the idea. In other words, if the plaintiff has offered evidence that the defendant was unjustly enriched, the defendant may then introduce evidence of that the profits are attributable to other factors.

(11/9/15 Tr., Docket Entry 576-8, 2373:22-2374:8, 2374:23-2375:4.) On the mitigation point, Scienton's star witness, Predrag Zivic, testified that after its relationship with CA ended, Scienton made no effort to develop its idea despite options to do so. (10/22/15 Tr., Docket Entry 562, 459:7-19.) On the profits point, the Court recalls that CA's witnesses described their own work in developing the products. Patrick Lee, the developer of SCC, had no knowledge of Scienton, NI Group Inc., or Secure-IT Inc. before this lawsuit was filed. (11/2/15 Tr., Docket Entry 576-3, 1278:24-1279:3, 1319:14-21.) The same is true of Howard Abrams, the developer of 20/20, and Steve Firestone, the general manager of CA's security business unit, who oversaw the development of both products. (11/4/15 Tr., Docket Entry 576-5, 1709:10-23, 1752:21-1753:11; 1777:18-23, 1815:9-1818:2, 1819:1-16.) Putting all that together, it is a reasonable inference that the jury gave greater weight to Mr. Johnson's calculation of $1.9 million and then reduced that figure based on the jury instructions. In other words, the jury's

verdict was not "seriously erroneous or a miscarriage of justice," and the Court DENIES Scienton's for a new-trial. See Raedle, 670 F.3d at 417-18 (internal quotation marks and citation omitted).

On two final points, the Second Circuit remanded only "for consideration of the motion for a new trial on damages," (2d Cir. Mandate, Docket Entry 584, at 9), but CA had open issues in its motion for judgment as a matter of law--that is, arguments outside of the standing issue. Nevertheless, CA has requested that the Court decide the new-trial motion first, so "the parties may be in a better position to assess what portions, if any, of CA's outstanding motions should be litigated further in light of the long-standing nature of the case and time and effort required by further litigation." (Def.'s Aug. 2017 Ltr., Docket Entry 586, at 2 n.3.) Thus, the Court need not address whether it would violate the mandate rule by considering Rule 50(b) arguments not addressed on appeal.

Moreover, Scienton previously filed a motion for prejudgment interest. Following this Memorandum and Order, Scienton states that it "will provide revised prejudgment interest calculations from Dr. Rao." (Pl.'s Aug. 2017 Ltr. at 3 n.1.)

CONCLUSION

Plaintiff's motion for a new trial on compensatory damages only is DENIED. (Docket Entry 551.) The Court invites Plaintiff to file a revised prejudgment interest calculation.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September __29__, 2017
         Central Islip, New York